IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JESSIE LYNN FISHER, 1118539,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1146-L |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    NATURE OF THE CASE**

Petitioner files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

**II.    PROCEDURAL BACKGROUND**

On August 12, 2002, Petitioner was convicted of unlawful possession of a firearm by a felon, enhanced by two prior felonies. *State of Texas v. Jessie Lynn Fisher*, No. F-0154952-IS (282nd Jud. Dist. Ct., Dallas County, Tex., Aug. 12, 2002). Petitioner was sentenced to life

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

imprisonment. On July 12, 2004, the Texas Fifth District Court of Appeals affirmed Petitioner's conviction. *Fisher v. State of Texas*, No. 5-02-01361-CR (Tex. App. – Dallas, July 12, 2004). On November 3, 2005, Petitioner filed a state habeas petition arguing that he was denied the right to file a petition for discretionary review. *Ex parte Fisher*, No. 63,400-01. On December 14, 2005, the Court of Criminal Appeals granted Petitioner the right to file an out-of-time PDR. On May 24, 2006, the Court of Criminal Appeals denied the PDR. *Fisher v. State*, PDR No. 0202-06; Respondent's Ex. A.

On June 22, 2006, Petitioner filed this federal petition. He argues the evidence was insufficient to support his conviction. On November 6, 2006, Respondent filed his answer. On December 8, 2006, Petitioner filed a traverse. The Court now finds the petition should be denied.

## III.  FACTUAL BACKGROUND

The Fifth District Court of Appeals of Texas recited the following factual background in its opinion on direct appeal:

> The evidence shows appellant was paroled on May 10, 2000 after serving time for a murder conviction. On July 22, 2001, at approximately 3:00 a.m., Dallas Police Officer Steven Moore responded to a call reporting a man and a woman arguing in the street. Moore was accompanied by Gail Phillips, a civilian participating in a ride along program. When Moore arrived, he found appellant and Andrea Anderson fighting inside a car in an apartment complex. Anderson was in the driver's seat and had her arm raised in a defensive manner. Appellant was seated in the front passenger seat. Anderson was yelling and screaming. Moore heard Anderson say "Get out of my car."
>
> Certain that he had found the people he was looking for, Moore shined his patrol car's spotlight on the vehicle. As Moore approached the car, appellant reached down quickly under the passenger seat. Fearing for his safety, Moore drew his gun and ordered appellant to raise his hands and exit the car. Appellant complied and Moore handcuffed him. Officer Patrick Starr, who had responded to Moore's call for backup, searched the car and found a loaded, .45 caliber, semi-automatic handgun protruding from under the

    front passenger seat.  Starr did not find any other contraband under the front passenger seat.

    Phillips corroborated Moore's account of appellant's arrest.  Neither Moore nor Phillips could  see appellant's hand when he made the furtive, reaching gesture.  A police report showed the handgun under appellant's seat was tested for fingerprints but no prints were recovered.  Neither of the officers could identify the registered owner of either the car or the handgun.

*Fisher v. State of Texas*, No. 5-02-01361-CR (Tex. App. – Dallas, July 12, 2004) at 1.

## IV.    DISCUSSION

### A.    Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997). The petition in this case is subject to review under the AEDPA.

**B. Sufficiency of the Evidence**

Petitioner claims the evidence was insufficient to show that he knowingly and intentionally possessed a firearm under Texas Penal Code § 46.04(a).[1] Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Under Texas law, a person "possesses" a firearm if he has actual care, custody, control, or management of the firearm. TEX. PENAL CODE ANN. § 1.07(a)(39). If the firearm is not on the defendant's person or is not in the exclusive possession of the defendant, the evidence must

---

[1] Texas Penal Code § 46.04(a) requires the state to prove that a defendant possessed a firearm within five years of his release from confinement or supervision imposed for a felony conviction. Petitioner does not dispute that at the time of his arrest for the current offense, he was within five years of his release from confinement or supervision imposed for a previous felony.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

affirmatively link the defendant to the firearm. *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App. – Dallas, 2004) (citing *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App. – Texarkana 2002, pet. ref'd). Further, the state must show the defendant was conscious of his connection with the firearm, and he possessed the firearm knowingly or intentionally. *Bates*, 155 S.W.2d at 216.

Factors that may establish affirmative links include whether: (1) the firearm was in a car driven by the accused; (2) the firearm was in a place owned by the accused; (3) the firearm was conveniently accessible to the accused; (4) the firearm was in plain view; (5) the firearm was found in an enclosed space; (6) the firearm was found on the same side of the car as the accused; (7) the conduct of the accused indicated a consciousness of guilt; (8) the accused has a special relationship to the firearm; (9) occupants of the automobile gave conflicting statements about relevant matters; (10) affirmative statements connect the accused to the firearm. *See Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App. – Houston 1994, pet. ref'd); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App. – Dallas 2005, no pet.). Further, "[i]t is the 'logical force' of the factors, not the number of factors present, that determines whether the elements of the offense have been established." *Smith*, 176 S.W.3d at 916.

In this case, Officer Moore testified that he was dispatched to a disturbance involving a male and female fighting in the street. (Trial Tr. Vol. 4 at 31). He found Petitioner and a female fighting inside a car. *(Id.)* When Officer Moore exited his patrol car, he saw Petitioner "reach underneath his seat real quick." *(Id.* at 32). This action by Petitioner caused Officer Moore to draw his gun and to instruct Petitioner to raise his hands. *(Id.* at 36-37). Officer Moore also called for a backup police officer to respond because he feared for his safety. *(Id.* at 37-38). Officer Starr testified that he responded to Officer Moore's call for backup. *(Id.* at 58). Officer

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Moore informed Officer Starr that Petitioner "'stuffed something under the seat.'" (*Id*. at 61). Officer Starr searched the vehicle and found a loaded gun under the passenger seat. (*Id*. at 58-59).

The Court finds that viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found the evidence sufficient to support Petitioner's conviction. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed June 22, 2007.

                    PAUL D. STICKNEY
                    UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**